## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| GWENDOLYN O. RICE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| vs. | ) | |
| | ) | |
| **BOARD OF TRUSTEES COMMUNITY** | ) | |
| **COLLEGE DISTRICT No. 508, d/b/a** | ) | |
| **CITY COLLEGES OF CHICAGO,** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT

The Plaintiff, GWENDOLYN O. RICE, by and through her attorneys, HOLMAN

& STEFANOWICZ, LLC, complains of the Defendant, BOARD OF TRUSTEES

COMMUNITY COLLEGE DISTRICT No. 508, d/b/a CITY COLLEGES OF

CHICAGO, as follows:

### INTRODUCTION

1.      This action seeks redress for the improper termination of the Plaintiff by

the Defendant, Board of Trustees Community College District No. 508, d/b/a City

Colleges of Chicago, in violation of the Plaintiff's rights of equal protection in violation

of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §§ 621-634 *et seq.*

The Plaintiff seeks declaratory and injunctive relief as well as monetary damages for her

injuries.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of the Federal claim herein pursuant to the provisions of the ADEA, 29 U.S.C. §§ 621-634 *et seq.*, and 28 U.S.C. § 1331.

3.     On or about September 26, 2017, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR").

4.     On or about May 2, 2018, the EEOC issued the Plaintiff a Notice of Right-to-Sue on her EEOC Charge. (A copy of the Plaintiff's Notice is attached hereto as "Exhibit A.") The Plaintiff's cause of action was filed within 90 days of the receipt of her Notice of Right-to-Sue.

5.     Venue herein is proper under 28 U.S.C.A. § 1391(b). The unlawful practices complained of in this Complaint occurred within this District, the employment records relevant to this matter are maintained and administered within this District, the Plaintiff is a resident of this District, and the Defendant's principle place of business is within this District.

## PARTIES

6.     The Plaintiff, Gwendolyn O. Rice ("Dr. Rice"), is a resident of the City of Chicago, in the County of Cook, in the State of Illinois. On or about July 27, 2017, Dr. Rice was wrongfully terminated by the Defendant from her position as an Associate Dean of Nursing ("ADN") for Malcolm X College School of Nursing.

7.      The Defendant, Board of Trustees Community College District No. 508, d/b/a City Colleges of Chicago ("Board"), is a body politic and corporate established pursuant to the provisions of the Illinois Public Community College Act, 110 ILCS 805/1-1, *et seq*. The Board has jurisdiction over Community College District No. 508 whose territory is conterminous with the corporate boundaries of the City of Chicago, in the County of Cook, in the State of Illinois. The Board operates a community college system known as the City Colleges of Chicago "(City Colleges").

8.      The Board operates seven (7) colleges located within the City of Chicago, in the County of Cook, in the State of Illinois, one of which is Malcolm X College located at 1900 West Jackson Boulevard, Chicago, Illinois 60612.

## STATEMENT OF THE FACTS

9.      Dr. Rice has an extensive educational background in the nursing field, her degrees consist of: Doctorate in Nursing Practice, Master of Science in Nursing Administration, Bachelor of Science in Nursing, Associates of Applied Science in Nursing, and is a Certified Family Nurse Practitioner (APN).

10.     Before beginning her employment with the City Colleges, Dr. Rice had extensive experience in the nursing field, including, Vice President of Nursing (Doctors' Hospital, Chicago), Associate Director of Nursing (Cook County Hospital, Chicago), City-wide Nursing Coordinator (Michael Reese Health Plan, Chicago), Nurse Manager (Mt. Sinai Hospital, Chicago), Nursing Department Head (St. Anne Hospital, Chicago), Nursing Supervisor (Mt. Sinai Hospital, Chicago), APN Obstetrical (Grant Hospital, Chicago), and APN (John H. Stroger, Jr. Hospital, Chicago).

11.     Prior to her termination, Dr. Rice held a number of positions within the City Colleges' Nursing Program:

- 1998-2003:    City Colleges of Chicago, Dawson Technical Institute – Program Training Specialist – Day Session Practical Nursing Program;

- 2004-2005:    Kennedy-King College/Dawson Technical Institute – Program Training Specialist – Practical Nursing Program;

- 2005-2007:    Kennedy-King College/Dawson Technical Institute – Director of Health Occupation Careers – Nursing Program;

- 2007-2011:    Richard J. Daley Community College – Nursing Instructor for First and Second Year Nursing Students;

- 2012-2015:    Richard J. Daley Community College – Director of Nursing Programs;

- 2015-2017:    City Colleges of Chicago School of Nursing – Associate Dean of Nursing.

12.     During the entire time that Dr. Rice worked in the City Colleges' Nursing Program her performance was considered outstanding.  Despite never receiving a formal written performance evaluation, Dr. Rice never received any negative comments regarding her performance.

13.     Prior to her termination, Dr. Rice was never advised and/or received any indication that there were any issues or concerns regarding her performance or conduct. Dr. Rice never received a single reprimand or notice of there being a need for performance improvement and/or that she engaged in any type of improper conduct.

14. In or about April 2017, Dr. Rice learned that the then Dean of Nursing, Dr. Marsha Atkins ("Dr. Atkins"), was going to retire from her position, and as a result, the position of Interim Dean of Nursing was going to be available.

15. Dr. Rice verbally expressed to Dr. Atkins that she was interested in applying for the Interim Dean of Nursing position. Dr. Atkins' response to Dr. Rice was "I think you should consider retiring." Dr. Rice responded that she was not interested in retiring and wanted to be considered for the position of Interim Dean. Dr. Atkins advised Dr. Rice to provide her a letter advising her why she was interested in the Interim Dean of Nursing position by April 17, 2017.

16. On or about April 17, 2017, Dr. Rice provided Dr. Atkins her curriculum vitae and a written letter expressing her interest in the Interim Dean of Nursing position outlining her extensive experience in the City Colleges' Nursing Department, her education, and experience in the nursing field.

17. On or about April 17, 2017, Dr. Atkins advised Dr. Rice that she had received her materials, however, she was too late because the Interim Dean of Nursing position had been filled by Dr. James Rice. Dr. Atkins again told Dr. Rice "I think you should consider retiring." Dr. Rice again expressed to Dr. Atkins that she was not interested in retiring. Dr. Atkins told Dr. Rice "you should then consider taking a faculty position or chair position within the Nursing Department."

18. Dr. James Rice, who was appointed the Interim Dean of Nursing, is considerably younger than Dr. Rice. Dr. James Rice had significantly less experience at the City Colleges' Nursing Department than Dr. Rice, having only been employed by the City Colleges in the position of Associate Dean of Nursing for approximately one year.

5

Dr. James Rice had significantly less experience in the nursing field than Dr. Rice, and no management experience prior to his City Colleges position.

19. Linda Brown-Aldridge, a nursing faculty member at the City Colleges, was promoted to the position of Interim Associate Dean of Nursing to fill Dr. James Rice position upon his appointment to the position of Interim Dean of Nursing. Linda Brown-Aldridge is considerably younger than Dr. Rice. Linda Brown-Aldridge has significantly less experience at the City Colleges' Nursing Department than Dr. Rice. Linda Brown-Aldridge has significantly less experience in the nursing field than Dr. Rice.

20. In or about January 2017, Rhonda Phillips was given the position of Associate Dean of Nursing at the City Colleges. Rhonda Phillips is considerably younger than Dr. Rice. Rhonda Phillips has significantly less experience at the City Colleges' Nursing Department than Dr. Rice. Rhonda Phillips has significantly less experience in the nursing field than Dr. Rice.

21. In or about May 2017, the City Colleges' Nursing Department consisted of Dr. James Rice, Interim Dean of Nursing, Dr. Rice, Associate Dean of Nursing, Linda Brown-Aldridge, Interim Associate Dean of Nursing, and Rhonda Phillips, Associate Dean of Nursing, approximately 39 nursing faculty members, 2 academic chairs, and 5 administrative staff members. Dr. Rice was the oldest employee in the City Colleges' Nursing Department.

22. On or about May 2, 2017, Dr. Atkins requested that Dr. Rice meet with her in her office. Dr. Atkins asked Dr. Rice "have you decided what you are going to do, take a faculty position, a chair position, or retire." Dr. Rice responded, "I have no

6

intention on retiring and I would like to stay in my current position." Dr. Atkins told Dr. Rice, "I really think it is time for you to retire."

23.     On or about June 2, 2017, Dr. Atkins asked Dr. Rice "did you reconsider retirement?" Dr. Rice replied, "I am not interested in retiring." Dr. Atkins responded "well, if you had your choice would you prefer faculty or chair?" Dr. Rice replied, "I prefer to stay in my Associate Dean position."

24.     On or about July 6, 2017, Dr. Rice received a telephone call from Dr. James Rice, Interim Dean of Nursing, and Stanley Beamon, Director of Human Resources, and was advised that she was the Associate Dean of Nursing chosen to be terminated from the City Colleges' Nursing Department.

25.     Dr. Rice received a letter from the City Colleges dated July 6, 2017, which states, in pertinent part:

> As you may know, the City Colleges of Chicago's economic situation requires that we make difficult decisions that impact dedicated CCC employees like you. I regret to inform you that your position will close due to Reorganizational and Economic Actions. Today will be your last day of work. Your last date of employment will be Thursday, July 27, 2017.

26.     On information and belief, Dr. Rice was the only employee terminated at that time from the City Colleges' Nursing Department. Dr. Rice, who was born on March 11, 1946, was the oldest employee in the City Colleges' Nursing Department.

27.     The July 6, 2017, letter from the City Colleges also stated: "You are encouraged to visit the CCC website at www.ccc.edu to view the most current vacancies and new positions within the District. Please apply for any position for which you are qualified."

7

28.     In July 2017, on the CCC website, and multiple other job search websites, the City Colleges had posted as positions available: (1) the Dean of Nursing, City Colleges' Nursing Department, and (2) Associate Dean of Nursing, City Colleges' Nursing Department.

29.     Dr. Rice applied for both of the posted open positions at the City Colleges: (1) the Dean of Nursing, City Colleges' Nursing Department, and (2) Associate Dean of Nursing, City Colleges' Nursing Department. Dr. Rice never received any response from the City Colleges in connection with her applications.

## COUNT I
## (VIOLATION OF THE ADEA)

30.     The Plaintiff restates and realleges by reference paragraphs 1 through 29 above as though fully set forth herein.

31.     The actions of the Defendant, City Colleges, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting the Plaintiff because of her age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621-634 *et seq.*

32.     At all times relevant hereto, Defendant, City Colleges, was an employer under the ADEA, 29 U.S.C. § 630(b), because Defendant, City Colleges, engaged in an industry affecting commerce and had 20 or more employees for every working day in each of 20 or more weeks in the current and preceding year.

33.     The Plaintiff, was an employee of the Defendant, City Colleges.

34.     The Plaintiff is a member of a protected group because she was age seventy-one (71) at the time of her termination.

35.     At the time of her termination, the Plaintiff was qualified for the position of Associate Dean of Nursing and was meeting the legitimate performance expectations of her employer.

36.     The Plaintiff was terminated because of her age.

37.     Defendant, City Colleges, selected the Plaintiff for termination despite the fact that she had more experience in the City Colleges' Nursing Department and in the nursing field than the other individuals who were substantially younger than the Plaintiff and who were not selected for termination.

38.     The Defendant City Colleges' reason provided to the Plaintiff for her termination "Reorganization and Economic Actions" is untrue, considering that the City Colleges was actively seeking to fill the Plaintiff's position, Associate Dean of Nursing.

39.     The actions on the part of the Defendant, City Colleges, in intentionally engaging in and condoning age discrimination against Plaintiff have caused and continue to cause the Plaintiff substantial losses in earnings and other employment benefits, and other consequential damages.

40.     The Defendant, City Colleges, did the acts herein alleged maliciously, fraudulently, and oppressively and with wrongful intention of injuring the Plaintiff from an improper and evil motive amounting to malice and in conscious disregard of the Plaintiff's rights.

WHEREFORE, the Plaintiff respectfully requests:

a. All wages and benefits (back pay and front pay) the Plaintiff would have received but for the discrimination including pre-judgment interest;

b. A permanent injunction enjoining the Defendant from engaging in the discriminatory practices complained of herein;

c. A permanent injunction requiring that the Defendant adopt employment practices and policies in accord and conformity with the requirements of the ADEA, 29 U.S.C. §§ 621-634 *et seq.*

d. The Court retain jurisdiction of this case until such time as it is assured that the Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law;

e. Liquidated damages in the amount of the back pay awarded for the Defendant's willful violation of the ADEA;

f. An award of reasonable attorneys' fees, costs, and litigation expenses; and

g. Such other relief as the Court deems just and proper.

THE PLAINTIFF DEMANDS TRIAL BY JURY.


Respectfully submitted,
PLAINTIFF,

s/    Brian R. Holman
_____
By:    One of her Attorneys

Brian R. Holman
Dennis H. Stefanowicz, Jr.
HOLMAN & STEFANOWICZ, LLC
Attorneys for the Plaintiff
233 South Wacker Drive, Suite 9305
Chicago, Illinois 60606
(312) 258-9700
BRH@HS-ATTORNEYS.COM

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Gwendolyn O. Rice
    4800 South Chicago Beach Drive
    Apt 1907 North
    Chicago, IL 60615

From: Chicago District Office
      500 West Madison St
      Suite 2000
      Chicago, IL 60661

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2017-06337 | Grace Swierczek, Investigator | (312) 869-8144 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

_Julianne Bowman,_
_District Director_

5/2/18
(Date Mailed)

cc:

**CITY COLLEGES OF CHICAGO**

c/o George Thomson, Esq.
Associate General Counsel
226 West Jackson Blvd.
Chicago, IL 60606

**EXHIBIT**

tabbies

A